WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Bruce McDonald, III, | No. CV-17-04124-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Robert Bruce McDonald, III appeals the decision of the Commissioner of the Social Security Administration denying benefits. (Doc. 1). For the following reasons the decision of the Commissioner is vacated, and the case is remanded for further proceedings consistent with this opinion.

**INTRODUCTION**

Robert McDonald has been diagnosed with Crohn's disease. Because of the effects of the disease, which were complicated by other conditions, McDonald filed an application for Social Security Disability Insurance benefits in July 2013, with an amended disability onset date of September 14, 2014. His claim was denied initially in February 2014 and upon reconsideration in October 2014. McDonald then filed a written request for a hearing in November 2014. A hearing was held in March 2016, at which McDonald testified before an administrative law judge ("ALJ"). In June 2016 the ALJ issued his written decision denying benefits.

/ / /

The ALJ followed the required five-step process for determining disability under 20 C.F.R. § 404.1520(a). At step one, the ALJ determined that McDonald had not engaged in substantial gainful activity during the period of alleged disability. At step two, the ALJ concluded that McDonald's Crohn's disease was a "severe" impairment. At step three, the ALJ determined that the Crohn's disease or any other combination of McDonald's impairments did not meet or medially equal the severity of an impairment listed in the relevant regulations. *See* 20 C.F.R. 404.1520(d), 404.1525, 404.1526. The ALJ then determined that McDonald had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the limitation of needing to have ready access to a restroom nearby. At step four, the ALJ determined that McDonald could perform his past relevant work as an online sales representative of electronics parts. The ALJ therefore determined that McDonald did not qualify as disabled and was not entitled to benefits.

The Social Security Administration Appeals Council denied McDonald's request for review of the ALJ's decision, so that decision became final agency action. McDonald then appealed that decision to this court as authorized by 42 U.S.C. § 405(g). McDonald argues on appeal that the ALJ erred in (1) discounting McDonald's testimony concerning his symptoms, and (2) giving very limited weight to the opinions of McDonald's treating physicians while giving significant weight to the opinion of the state agency physician.

**DISCUSSION**

**I.     Standard of Review**

Courts apply a "highly deferential standard of review" when entertaining appeals from the decisions of the Commissioner of the Social Security Administration. *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). The Commissioner's decision must be affirmed if it is supported by substantial evidence and is free of legal error. *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Id.* (internal quotation marks omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

## II. Analysis

McDonald does not appeal the ALJ's determinations regarding McDonald's mental capacities. (Doc. 16 at 3 n.6). As discussed below, the ALJ's decision to discredit McDonald's testimony regarding his symptoms was proper. But the ALJ then erred by improperly weighing medical opinion evidence.

### A. The ALJ properly discredited McDonald's symptom testimony.

Evaluating a claimant's symptom testimony requires two steps. First, the ALJ must determine whether there is a medically determinable physical or mental impairment that could reasonably be expected to produce the claimant's symptoms. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). "Once a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on [the] lack of objective medical evidence to fully corroborate the alleged severity of [the symptoms.]" *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004) (original alterations omitted). The proper question is whether the impairment(s) "could reasonably be expected to produce [the] pain or other symptoms." *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

To discredit the testimony of a claimant about her symptoms, an ALJ must give specific, clear, and convincing reasons. *Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89 (9th Cir. 2015). An ALJ does not satisfy that burden by merely reciting the medical evidence that the ALJ used to support her residual capacity determination. *Id.* at 489. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Ghanim*, 763 F.3d at 1163.

After concluding that McDonald's impairments could reasonably be expected to cause his alleged symptoms, the ALJ gave specific, clear, and convincing reasons for discrediting McDonald's testimony regarding the severity of those symptoms. The ALJ concluded that McDonald's "statements concerning the intensity, persistence, and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other

evidence in the record for the reasons explained in this decision." (R. 31). The "reasons explained in [the ALJ's] decision" were inconsistencies that the ALJ noted between McDonald's testimony regarding his symptoms and the medical evidence in the file. For example, the ALJ noted that in August 2015, McDonald's provider noted that, despite McDonald's complaints of having frequent bowel movements each day, McDonald had not contacted the provider to indicate that the prescribed medications were not working. (R. 30). The ALJ also noted that on multiple occasions, physicians reported normal physical examinations despite McDonald's complaints of frequent bowel movements. (*Id.*). Though not extensive, the ALJ's reasons are sufficiently specific, clear, and convincing, particularly as "the credibility determination is exclusively the ALJ's to make, and [the Court's] only to review." *Brown-Hunter*, 806 F.3d at 494.

McDonald objects that the ALJ's credibility determination was improperly based on the ALJ's brief discussion of his belief that McDonald's testimony that he could no longer run his online business because of his symptoms was inconsistent with the record. Even if McDonald is correct that the ALJ erred, the error is harmless. As previously discussed, the ALJ gave other sufficient reasons for discounting McDonald's testimony regarding the severity of his symptoms.

### B.  The ALJ improperly weighed the opinions of various physicians.

The ALJ's weighing of medical opinions is governed by regulation. 20 C.F.R. § 404.1527(c).[1] The regulations create a hierarchy of deference to medical opinions from various sources. At the top of that hierarchy are the opinions of treating sources. *Id.* (c)(2). When the treating doctor's opinion is uncontradicted, the ALJ can reject those conclusions only for clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). But when the opinion of a treating or examining physician is contradicted, an ALJ may reject the contradicted opinion for "specific and legitimate reasons that are supported by

---

[1] Because McDonald's claim was filed before March 27, 2017, these are the governing regulations. *See* 20 C.F.R. § 404.1527.

substantial evidence in the record." *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citation and internal quotation marks omitted).

The opinions of McDonald's treating physicians, Dr. Kogan, Dr. Ronn, and Dr. Shah, were contradicted by the opinion of Dr. Levison, the state agency physician. The ALJ gave "very limited weight" to the opinions of Dr. Kogan, Dr. Ronn, and Dr. Shah for three reasons. (R. 31). First, the ALJ concluded that the opinions are "in poorly supported check the box format with little to no objective evidence to support the opinions." (*Id.*). Second, the ALJ concluded that the opinions were "not consistent with an individual whose primary complaint is the need to go to the restroom." (*Id.*). Lastly, the ALJ concluded that the opinions were "consistent with providers who were advocating for their patient." (*Id.*). The ALJ gave significant weight to Dr. Levison's opinion "because it is consistent with his examination." (R. 32).

The ALJ's examination of the medical opinion evidence therefore explicitly considers the factors listed in 20 C.F.R. § 404.1527(c)(4) (consistency with the record as a whole) and (c)(3) (whether relevant evidence supports an opinion). However, there is no indication that the ALJ considered any of the other factors required by the applicable regulations. *See* 20 C.F.R. § 404.1527(c) ("Unless we give a treating source's medical opinion controlling weight under paragraph (c)(2) of this section, *we consider all of the following factors* in deciding the weight we give to any medical opinion.") (emphasis added). The ALJ's failure to do so is "reversible legal error." *Trevizo*, 871 F.3d at 676; *Kelly v. Berryhill*, 732 Fed. Appx. 558, 562 n.4 (9th Cir. 2018) (noting that though ALJs are not required to make express statements that they considered all the factors outlined in 20 C.F.R. § 404.1527(c), "the ALJ's decision here gives no indication that the factors were properly considered, other than a cursory acknowledgment of Dr. Ratcliffe as Kelly's treating physician.").

Because there is no indication that the ALJ considered all the factors required under section 404.1527(c), the case must be remanded to allow the Commissioner to do so. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . .

. an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

**CONCLUSION**

**IT IS THEREFORE ORDERED** that the decision of the ALJ denying benefits is **VACATED** and this case is **REMANDED** for further proceedings consistent with this opinion.

Dated this 1st day of March, 2019.

_____
G. Murray Snow
Chief United States District Judge